IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK BUMPUS, #448747, ) | |
| A/K/A ZAKIYA 'KONDO' MIWINYI ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-1081 |
| ) | Judge Richardson / Frensley |
| ROBERT HOWARD, et al., ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed by Defendant Christopher Brun. Docket No. 52. Defendant has filed a Memorandum in Support of the Motion. Docket No. 53. Plaintiff has filed a Motion for Voluntary Dismissal as to Defendant Brun. Docket No. 60. Also, pending, is a Motion for Voluntary Dismissal of Defendants, Chris Brun, James Deal, R. Nilus (sic) and V. Vantell. Docket No. 62. For the reasons stated herein, the undersigned recommends that Plaintiff's Motion to Dismiss Defendant Brun (Docket No. 60) and Motion to Dismiss Defendants Brun, Deal, Nilus (sic) and Vantell (Docket No. 62) be **GRANTED**, and Defendant Brun's Motion to Dismiss (Docket No. 52) be **DENIED** as **MOOT**.

## BACKGROUND

The pro se Plaintiff, a prisoner with the Tennessee Department of Corrections filed this action under 42 U. S. C. §1983 alleging that various Defendants denied him sentence credits for work he performed at the facility which he was housed in violation of his constitutional rights. Docket No. 33. Defendant Brun filed a Motion to Dismiss the Amended Complaint against him for failure to state a claim asserting that Plaintiff does not have a constitutional or statutory right to earn sentence credits and that his equal protection claim fails to state facts showing intentional discrimination and is conclusory. Docket No. 52.

In response to the motion to dismiss, the Plaintiff has filed a motion for voluntary dismissal in which he submits that "after careful review of the claims against Chris Brunis (sic), plaintiff conceed (sic) with the defendant, therefore claims against Chris Brunis (sic) should be dismissed (only)." Docket No. 60. The Defendant has not responded to the Plaintiff's motion.

Thereafter, the Plaintiff filed a Motion for Voluntary Dismissal of his claims asserted against Defendants Brun, Deal, Nilus (sic) and Vantell. Docket No. 62. Plaintiff contends that dismissal of these Defendants is appropriate "due to many issues being resolved /presented in the wrong courtroom unintentionally." *Id.*

## LAW AND ANALYSIS

Because Defendants Brun, Deal and Nilus (sic) have not filed an Answer to the Amended Complaint or a Motion for Summary Judgment in this action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the Motion of Voluntary Dismissal sufficed to dismiss the claims against them without any action on the part of the Court. Although the Defendant Brun has filed a Moton to Dismiss (Docket No. 52), that does not defeat a voluntary dismissal under Rule 41(a)(1). *See Aleman v. Hudson,* 2008 WL 821091 *1 (N. D. Ohio March 25, 2008)(citing *Aamot v. Kassel*, 1 F. 3d 441, 444-445 (6th Cir. 1993))(a defendant's motion to dismiss does not constitute an answer or summary judgment motion under Rule 41(a)(1)). The undersigned recommends that they be dismissed without prejudice.

As to Defendant Vantell who has filed an Answer to Plaintiff's Amended Complaint (Docket No. 61), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a

2

Case 3:19-cv-01081   Document 66   Filed 01/27/21   Page 2 of 3 PageID #: 611

dismissal under this paragraph (2) is without prejudice.

In the instant case, Plaintiff has represented to the Court through his motions to dismiss that he does not intend or wish to pursue the claims asserted in his Amended Complaint as to this Defendant. The undersigned finds that dismissal without prejudice is appropriate in light of the Plaintiff's motions.

## CONCLUSION

WHEREFORE, all the foregoing reasons, the undersigned recommends that the Plaintiff's Motion for Voluntary Dismissal as to Defendant Brun (Docket No. 60) and Motion for Voluntary Dismissal as to Defendants Brunis, Deal, Nilius and Vantell (Docket No. 62) be **GRANTED** and that these Defendants be dismissed without prejudice. The undersigned further recommends that the Motion to Dismiss filed by Defendant Brun (Docket No. 52) be **DENIED** as **MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**