IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK L. BUMPUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:19-cv-01081 |
| ) | JUDGE RICHARDSON |
| ROBERT HOWARD, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's "Motion for a Temporary Restraining Order Pursuant to F.R.C. P. 65(a)," (Doc. No. 75, "Motion") which requests both a temporary restraining order and a preliminary injunction.

## **BACKGROUND[1]**

In the Motion, Plaintiff asserts the facts and claims set forth in the following two paragraphs.

---

[1] For purposes of ruling on a TRO, the Court typically takes as true facts that fit into the following categories: facts "(1) asserted and evidentially supported at least to some degree by one party and not rebutted by the other side; (2) otherwise not in genuine dispute; (3) asserted and evidentially supported by one side to such an extent, or in such a manner, that they are credited by this Court even if rebutted to some extent by the other side; or (4) subject to judicial notice." *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-CV-00981, 2019 WL 6050283, at *1 n. 1 (M.D. Tenn. Nov. 15, 2019). Plaintiff has not supported his TRO with an affidavit, any supporting evidence, or a verified complaint. Fed. R. Civ. P. 65 (allowing a TRO to be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Therefore, the Court does not take these facts as true, and instead provides them as background information explaining the context of the Motion. The Court notes that Plaintiff does include a heading before the factual section of his Motion calling it a "declaration in support," and he later references a "supporting affidavit" (which is presumably in reference to this same factual section of the Motion) (Doc. No. 75 at 1, 19). But in its bid to be treated as the equivalent of an affidavit, this purported declaration on balance seems to come up slightly short under 28 U.S.C.

1

On February 16, 2021, Plaintiff was leaving the "Chow Hall" and walking to the law library when Defendant Murrie and former Defendant Vontell[2] instigated an incident involving Plaintiff. (Doc. No. 75 at 1). Vontell slammed Plaintiff against a wall, threatened him with a stun gun, and groped him. (*Id.* at 1-2). Defendant Murrie also took Plaintiff's legal papers during this incident. (*Id.* at 2).

Vontell then had Plaintiff moved to a different housing unit, where other individuals attacked Plaintiff on Vontell's behalf. (*Id.* at 4). Plaintiff has faced death threats and harassment from current and former Defendants to this action. (*Id.* at 2-3). On February 23, 2021, Plaintiff filed a document against Vontell regarding the groping incident, and he claims that he was retaliated against as a result of this document.[3] (*Id.* at 5).

Defendant requests a temporary restraining order: (a) to stop Defendants from (i) harassing Plaintiff, and (ii) retaliating against Plaintiff; and (b) to require Defendants to (i) stay 1,000 feet away from Plaintiff at all times, and (ii) replace the "legal work" (legal papers) taken from Plaintiff. (*Id.* at 8).

## LEGAL STANDARD

Temporary restraining orders ("TRO") and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ. of Hillsboro, Ohio*, 228 F.2d 853, 856 (6th Cir. 1956), and are

---

1746. Even if the Court were to credit all of Plaintiff's facts as true and accept the factual section of his Motion as an affidavit, the Court would not grant the Motion for the reasons discussed herein.

[2] The Court previously dismissed Vontell as a Defendant to this action (Doc. No. 69). Though he is referred to as both Vantell and Vontell throughout filings, the Court herein will refer to him as Vontell, as the case caption indicates that this is the correct spelling.

[3] The document attached as an exhibit to the Motion states that Plaintiff made up the incident at issue and that he would be charged with filing a false report. (Doc. No. 75 at 17).

considered extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). A TRO should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The court must consider and balance four factors in determining whether to afford such relief: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the injunction's impact on the public interest. *Nat'l Viatical, Inc. v. Universal Settlements, Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013).

Although these four factors are "factors to be balanced, not prerequisites that must be met," *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir. Dec. 22, 2009) (quoting *Six Clinic Holding Corp., II v. Cafcomp Systems*, 119 F.3d 393, 400 (6th Cir. 1997), they do not carry equal weight. Regarding the third factor, irreparable harm, "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. v. Sumner Cty. Schools*, 2019 WL 5850408, at *2 (6th Cir. Nov. 8, 2019); *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("The demonstration of some irreparable injury is a sine qua non for issuance of an injunction."). Furthermore, "[a] finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. Nat'l Bd. of Medical Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

When determining whether to issue a TRO, a threat of an *immediate*, irreparable harm must be present. Fed. R. Civ. P. 65(b)(1)(A) (requiring a court to examine, on application for a TRO, whether "specific facts in an affidavit or a verified complaint clearly show that *immediate* and irreparable injury, loss, or damage will result to the movant") (emphasis added); *see also*

3

*Appliancesmart, Inc. v. Dematteo*, No. 2:18-CV-1729, 2018 WL 6727094, at *2 (S.D. Ohio Dec. 21, 2018) ("[A]lthough some courts would examine the four factors required for issuance of a preliminary injunction, a focus on the irreparability and immediacy of harm is all that is required." (internal quotation marks and citation omitted)); *Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm."). In sum, a TRO may be issued only where the harm to plaintiffs is both irreparable *and* immediate.

**ANALYSIS**

Plaintiff argues that he has met all of the factors a court considers when determining whether to issue a TRO. (Doc. No. 75 at 6). The Court below assess each such factor in turn.

1. <u>The likelihood of the plaintiff's success on the merits</u>

Plaintiff does not make any argument regarding whether this factor supports the granting of a TRO. Plaintiff wishes for Defendants to stop certain conduct (such as harassing him and retaliating against him), but the primary incident described by Plaintiff and the retaliation Plaintiff says he has faced are not included in his Second Amended Complaint.[4] (Doc. No. 33). Plaintiff has filed a motion to (in part) add claims related to the incident, but he does not identify the counts on which he is likely to succeed, let alone explain why he is likely to succeed. (Doc. No 74). Therefore, there is no indication at all from the Motion that Plaintiff is likely to succeed on the

---

[4] The filing, and naming, of the various complaints in this case has been something of a saga. Docket No. 33, which has at times been referred to in this case as the Second Amended Complaint, is the most recently filed (amended) complaint and thus serves as the operative complaint in this matter. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

4

merits. As previously noted, "[a] finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez*, 225 F. 3d at 625.

Therefore, this factor weighs against Plaintiff, and on its own could be fatal to Plaintiff's Motion.

    2.  <u>Whether the plaintiff will suffer irreparable injury without the injunction</u>

Plaintiff has pointed only to events that happened in the past (occurring approximately three weeks prior to the filing of the Motion), and not to specific events or harms that he believes will happen immediately in the future. Plaintiff claims that as a matter of law, the continuing deprivation of a Constitutional right is an irreparable harm. (Doc. No. 75 at 6). Plaintiff references both his fear of death at the hands of Defendants and a denial of due process by making his prison life harder. (*Id.* at 7). Throughout his Motion, Plaintiff also makes a few general references to future events he fears, such as "serious danger," death, and retaliation without explaining whether these future risks are immediate and substantiated. (*Id.* at 1-10). Overall, Plaintiff's Motion seems primarily premised on his fear of events that occurred in the past. In fact, he frames the reason he seeks a TRO as being about past events: "I need a temporary restraining order, because, the defendants actions caused me injury and would not have occurred otherwise if it wasn't for the defendants' actions toward the Plaintiff." (Doc. No. 75 at 4). Therefore, Plaintiff has not shown the Court that he fears a future immediate and irreparable injury. Additionally, the Court notes that Plaintiff seeks replacement of his legal papers as relief, and such relief is in no way tied to preventing a future irreparable harm of Plaintiff. As previously noted, irreparable harm is a necessary showing to warrant the issuance of a TRO. *D.T.*, 2019 WL 5850408, at *2; *Patio Enclosures, Inc.*, 39 F. App'x at 967.

Therefore, this factor weighs against Plaintiff.

5

3. <u>Whether granting the injunction will cause substantial harm to others</u>

Plaintiff claims that the risk of him losing his life is a greater harm than the suffering Defendants will face if the Court grants this TRO. (Doc. No. 75 at 8). Plaintiff seems to seek a TRO against all Defendants (despite only one Defendant, Murrie, being referenced in the incident above). Granting a TRO against Defendants who were not involved in the incident described above would cause them substantial harm by interfering with their jobs and requiring them to keep a 1,000 foot distance from Plaintiff, when Plaintiff has only referenced them in passing in this Motion. Plaintiff additionally does not address the potential harm to others (apart from Defendants) that this TRO would cause. For example, requiring Defendants to keep a distance of 1,000 feet from a specific inmate in a correctional facility would cause hardship on other inmates and guards, as well as potential safety concerns.

Therefore, the Court finds that this factor weighs against Plaintiff.

4. <u>The injunction's impact on the public interest</u>

Plaintiff believes that granting this TRO will serve the public interest because "it is always in the public interest for prison officals [sic] to obey the law." (Doc. No. 75 at 9). Though this is true, Plaintiff does not address the potential negative impact entering a TRO may have on the public interest, such as preventing or at least chilling officers from doing their jobs properly and safely, or restraining officers that were not involved in the incident Plaintiff describes. Additionally, as indicated above, Plaintiff also does not show the Court that any breaking of the law by officials is ongoing, and it would not be in the public interest to interfere with an official's job when there is no indication of pending or forthcoming wrongdoing.

Therefore, the Court finds that this factor is neutral.

After balancing all of the factors, the Court does not find that Plaintiff is entitled to a TRO. The two most important factors to consider when evaluating a motion for a TRO both weigh

against Plaintiff. *Gonzalez*, 225 F. 3d at 625; *D.T.*, 2019 WL 5850408, at *2; *Patio Enclosures, Inc.*, 39 F. App'x at 967. Plaintiff bears the burden of showing that he is entitled to the "exceptional remedy" of a TRO, and he has not done so here. *See Detroit Newspaper Publishers Ass'n*, 471 F.2d at 876; *Overstreet*, 305 F.3d at 573.

## CONCLUSION

For the reasons discussed herein, the Court **DENIES** the Motion (Doc. No. 75). Specifically, the Court denies the Motion on the merits insofar as it requests a TRO and denies the Motion without prejudice to refiling later if appropriate in light of any strengthening in Plaintiff's ability to show entitlement to such extraordinary relief, insofar as it requests a preliminary injunction.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE